384 So.2d 983 (1980)
STATE of Louisiana
v.
John Edward BROWN.
No. 66120.
Supreme Court of Louisiana.
May 28, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Charles B. Bice, Dist. Atty., Kermit M. Simmons, Asst. Dist. Atty., for plaintiff-appellee.
Herman A. Castete, Sanders & Castete, Ltd., P. C., Winnfield, for defendant-appellant.
PER CURIAM.
Defendant John Edward Brown was charged by bill of information with aggravated burglary, a violation of La.R.S. 14:60. On October 24, 1977, he was tried before a twelve person jury and found guilty as charged. Thereafter the court sentenced defendant to serve twenty years at hard labor. Some eighteen months later, defendant applied for a writ of habeas corpus, alleging that he had been denied his right of appeal. After a hearing the trial court ordered an out-of-time appeal and appointed new counsel to represent defendant. The sole issue raised on appeal relates to the effectiveness of trial counsel.[1]
The issue of whether defendant was denied effective assistance of counsel is more properly raised by application for a writ of habeas corpus in the district court, where a full evidentiary hearing may be conducted if warranted. See, State v. Malveaux, 371 So.2d 820 (La.1979); State v. Barnes, 365 So.2d 1282 (La.1978).
Finding no reversible error on the record before us, we affirm defendant's conviction and sentence.
NOTES
[1] The defense claim that the trial court should have intervened to protect defendant's interests is actually an adjunct of the ineffectiveness argument, because it relates to the proper remedy of trial counsel's alleged shortcomings.