446 So.2d 423 (1984)
STATE of Louisiana
v.
Willie HARRISON, Jr.
No. KA 0856.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
*424 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Criminal Div., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON, GULOTTA and LOBRANO, JJ.
GARRISON, Judge.
The defendant, Willie Harrison, Jr., was charged by bill of information on September 9, 1982 with armed robbery in violation of La.Rev.Stat. 14:64 and with attempted first degree murder in violation of La.Rev. Stat. 14:27 and 14:30. On January 25, 1983, he was found guilty on both counts and was later sentenced to serve ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence for his armed robbery conviction and fifty years at hard labor for his attempted first degree murder conviction. These sentences are to be served concurrently and both are the maximum sentences allowed for these offenses. The defendant does not appeal these convictions. The only issue on appeal is whether the sentences imposed are unconstitutionally excessive.
The facts of this case are as follows: On August 18, 1982, at approximately 1:00 a.m., the defendant approached Ms. Burdellia Edwards at the house which she shared with Wordell Hughes. Harrison asked Edwards where he could find Hughes. Ms. Edwards had known Harrison for a long time and, therefore, told him that Hughes could be found at a friend's house about three blocks away. The defendant then left in the direction of the friend's house. At that time, Harrison was wearing dark pants and a dark shirt. (Tr. pp. 12-15).
Wordell Hughes testified that he was watching television at his friend's house when Harrison entered the house and asked to speak to him. They went into the hallway, and Hughes gave Harrison $4.00. Harrison then left. He was still dressed in jeans and a shirt. (Tr. pp. 16; 28).
*425 Sometime later, Harrison again appeared at this friend's house. He was dressed in a flowered dress with a stocking over his face. Harrison tossed a bag into Hughes' lap, put a gun to Hughes' head, and told him to "put it all in here." When Hughes tried to turn his head, Harrison fired the gun, the bullet hitting Hughes in the head. Hughes gave approximately $40.00 to Harrison. Harrison then left the house. (Tr. pp. 29-30).
Hughes testified that he had known Harrison for many years and that he recognized his voice before even turning around to look at him. Although Harrison had a stocking over his face, both Hughes and another person at the house, Ms. Charle Bass, recognized Harrison's face. Ms. Bass testified that she saw a jeans leg rolled up under the dress Harrison was wearing. (Tr. pp. 19-21; 29-30).
After Harrison left, a few people who witnessed the shooting helped Hughes back to his own house. From there, Ms. Edwards accompanied him to the hospital. (Tr. pp. 12; 31).
Both Ms. Betty Richburg and Harrison testified that they were together at the time of the shooting. They maintained that they had spent the night together at his mother's house, and that Harrison had not left the house after about 9:15 p.m. the night before the shooting. Harrison testified that he knew Hughes but had never had any problems with him. He denied robbing or shooting Hughes, and he denied being at the scene of the shooting.
A review of the record discloses that there are no errors patent.
Although not alleged as an assignment of error, the sufficiency of evidence to support appellant's conviction must be reviewed as per State v. Raymo, 419 So.2d 858 (La.1982). In assessing the sufficiency of evidence in a direct evidence case, the reviewing court must determine whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306, 310 (La.1982).
The appellant was convicted of armed robbery and attempted first degree murder. In order to support his conviction for armed robbery, the State had to prove that the appellant committed (1) a theft; (2) of anything of value; (3) from the person of or from the immediate control of another; (4) by use of force or intimidation; (5) while armed with a dangerous weapon. Here, approximately $40.00 were taken from Hughes after he was shot in the head. He unhesitatingly identified the appellant as the man who shot and robbed him. Viewing the facts in the light most favorable to the prosecution, the jury could have convicted the appellant of armed robbery. State v. Bruins, 407 So.2d 685 (La.1981); State v. Tucker, 405 So.2d 506 (La.1981).
The appellant was also convicted of attempted first degree murder. First degree murder, as defined by R.S. 14:30, includes the killing of a human being "(w)hen the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of ... armed robbery." R.S. 14:30(1). See State v. Thomas, 427 So.2d 428 (La.1982); State v. Tuckson, 414 So.2d 360 (La.1982). The Louisiana Supreme Court has held that specific intent to kill or inflict great bodily harm may be inferred from the fact that the defendant shot his victim at close range. State v. Noble, 425 So.2d 734, 736 (La.1983); State v. Boyer, 406 So.2d 143, 150 (La.1981). According to R.S. 14:27, an attempt occurs when a person, "having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward" the accomplishment of the offense.
In the case at bar, the appellant was perpetrating an armed robbery when he put the gun to Hughes' head and then shot him. Hughes received serious injuries. Viewing the evidence in the light most favorable to the prosecution, the jury could have found the appellant guilty of attempted first degree murder beyond a reasonable *426 doubt. His convictions for both armed robbery and attempted first degree murder should be affirmed.
In his only properly raised assignment of error, defendant contends that the sentences imposed are unconstitutionally excessive as prohibited by Article I, Section 20 of the 1974 Louisiana Constitution. In the recent case of State v. Telsee, 425 So.2d 1251 (La.1983), the Louisiana Supreme Court held that maximum sentences will be reserved for the most egregious or blameworthy of offenders, and that others of similar conduct will not receive lighter sentences than the defendant in a particular case. The Telsee case places emphasis on the conduct of the offender and on the circumstances of the offense in a particular case. The trial judge in his reasons for sentencing stressed the vicious manner in which these crimes were committed and noted that although the defendant has no prior convictions, he does have a record consisting of thirty-six arrests. The pertinent portion of the trial judge's reasons for sentencing follows:
"The defendant is 25 years old and has a record of criminal violations dating back to 1971. This record consists of some 36 arrests for a variety of crimes; including theft, receiving stolen things, burglary, aggravated assault, armed robbery, and attempted murder.
The defendant's conduct in the instant case was deliberate and calculated to cause death or serious bodily harm. He shot his victim in the face for no apparent reason before he even gave the victim chance to comply with his commands to give up his money. Such conduct shows a viciousness which is untreatable." (Tr. pp. 56-57)
The sentences imposed are severe but the crimes committed call for severe punishment. State v. Donahue, 408 So.2d 1262 (La.1982).
The Louisiana Code of Criminal Procedure Article 894.1 requires that the trial judge enumerate his reasons for sentencing and that the sentence be tailored to fit the particular offense and the particular offender. A review of the trial judge's reasons for sentencing clearly shows that there was compliance with the requirements of Louisiana Code of Criminal Procedure Article 894.1. For these reasons, the imposition of these maximum sentences for the armed robbery and attempted first degree murder convictions was not an abuse of the trial judge's discretion.
In a supplemental brief filed by the defendant, he alleges that he was denied effective assistance of trial counsel. It is well settled that the issue of whether defendant was denied effective assistance of counsel is more properly raised by application for a writ of habeas corpus in the district court, where a full evidentiary hearing may be conducted if warranted. State v. Brown, 384 So.2d 983 (La.1980); State v. Malveaux, 371 So.2d 820 (La.1979).
Finding no reversible error in the record before us, we affirm defendant's convictions and sentences.
AFFIRMED.