GARRISON, Judge.
Defendants David Singleton, Jr., Kenneth Pearson and Eugene Jones were charged by bill of information with armed robbery in violation of La.R.S. 14:64. On May 12,1983, a jury found all three defendants guilty of attempted armed robbery and they were each later sentenced to serve fifteen years at hard labor. Defendants appeal these convictions and sentences.
The facts of this case are as follows: Robert Reed was walking in an uptown direction on Dryades Street on the night of February 19, 1983. Reed testified that he was knocked down to the ground and beaten by four youths who pulled his Sony Walkman headset off of his head. (The fourth assailant has been prosecuted separately in Juvenile Court.) One of the assailants hit him with what was described as a “black bat”. He was also struck with another weapon which he could not see.
Reed managed to escape from his assailants and fled with his robbers in close pursuit. A bicyclist, Michael Pottinger, witnessed this chase that was taking place. Upon seeing Pottinger, the four assailants gave up their pursuit of Reed and ran in another direction. Pottinger followed them for a short distance and noted the area in which they were heading. Another witness, Hubert Montamat, testified that he had seen four youths walk past his home only a minute before the victim had passed by on his walk. Moments later, Reed ran to Montamat’s house to seek help following the incident.
The police were called and both Reed and Montamat gave detailed descriptions of the assailants to the police. These descriptions included the facts that they were young Negro males, one wearing an orange ski mask, one wearing a Mardi Gras visor with flashing lights, and one wearing a blue jacket. Moments later, four persons meeting this description were spotted a few blocks away from the site of the robbery. Upon spotting these four young men, the police noticed the men discarding something. A search of the nearby area revealed an orange ski mask and a Mardi Gras visor with flashing lights. A “billy club” was found on the person of one of the suspects and a “slap jack” was found on the person of another. The four men were brought back to the scene of the robbery where the victim positively identified them by their faces and clothes.
At trial, the three adult defendants were again positively identified by the victim. Defendants deny robbing the victim and claim that they had met one another only moments before their arrests.
*355 Although not alleged as an assignment of error, the sufficiency of evidence to support appellants’ convictions must be reviewed as per State v. Raymo, 419 So.2d 858 (La.1982). In assessing the sufficiency of evidence in a direct evidence case, the reviewing court must determine whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendants guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
The appellants were convicted of attempted armed robbery. In order to support these convictions, the State had to prove that the appellants committed (1) an attempted theft; (2) of anything of value; (3) from the person of or the immediate control of another; (4) by use of force or intimidation; (5) while armed with a dangerous weapon. In this case, a Sony Walkman headset was taken from the victim after he was beaten with a billy club and another weapon which he could not see. The victim unhesitatingly identified the appellants as the men who robbed him. Viewing the facts in the light most favorable to the prosecution, the jury could have convicted the appellants of armed robbery. State v. Bruins, 407 So.2d 685 (La.1981); State v. Tucker, 405 So.2d 506 (La.1981).
Defendants’ only assignment of error is that the trial court erred in preventing the defense from attempting to impeach the credibility of the victim by showing that he made a prior inconsistent statement at another court proceeding.
Reed testified at trial that he recognized the three defendants by their faces and that one of the adults was wearing an orange ski mask. During the cross-examination of Reed, defense counsel asked him if he recalled testifying in Juvenile Court that he could not identify any of his assailants by face and that the orange hat was worn by the juvenile assailant. Reed answered that he did not recall whether or not he had made these statements. Defense counsel attempted to impeach the victim by having the mother of one of the defendants, Mrs. Yvonne Singleton, testify as to what she heard the victim state at the Juvenile Court proceeding in order to demonstrate that the victim had made a prior inconsistent statement. The trial judge sustained the State’s objection to the introduction of this testimony and refused to allow this witness to testify.
Each side has the right to impeach the testimony and credibility of every witness sworn on behalf of the other side. La.R.S. 15:486. La.R.S. 15:493 permits the credibility of a witness to be impeached by proof of any statement made contradictory to his testimony at trial. State v. Gomez, 365 So.2d 1313 (La.1978). La.R.S. 15:493 provides:
“Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible.”
On cross-examination, Mr. Reed did not admit or deny making the prior statement in Juvenile Court; rather, he only stated that he could not recall this previous testimony. Therefore, because he did not distinctly admit making the prior statement, evidence that he did make it should have been admissible to attempt to impeach Reed’s credibility. The trial judge erred in sustaining the State’s objection to this offer of proof.
However, this error is not reversible. The facts of the Gomez case are on point with those of the instant case. In Gomez, the court held that if the defense had been permitted to impeach the witness, the most that could have been accomplished would have been to place the witness’ prior con *356 tradictory statement before the jury. In the Gomez case and in the instant case, the defense repeatedly made reference to the witness’ prior contradictory statement in its cross-examination of the witness. Therefore, the jury was fully informed of the nature and content of the prior contradictory statement and the defense achieved its ultimate goal of placing the contradictory statement before the jury in its cross-examination of the witness.
Additionally, the fact that the mother of one of the defendants was the witness who was going to be used to impeach the victim’s credibility would certainly have added an element of bias which would have detracted from this impeaching testimony. The evidence of the guilt of these defendants is overwhelming and the inability of the defense to use Mrs. Singelton's biased testimony could not possibly have contributed to the convictions. State v. Albert, 414 So.2d 680 (La.1982).
In supplemental briefs filed by defendants Pearson and Singleton, they allege that they were denied effective assistance of counsel. It is well settled that the issue of whether a defendant was denied effective assistance of counsel is more properly raised by application for a writ of habeas corpus in the district court, where a full evidentiary hearing may be conducted if warranted. State v. Harrison, 446 So.2d 423 (La.App. 4th Cir.1984); State v. Brown, 384 So.2d 983 (La.1980); State v. Malveaux, 371 So.2d 820 (La.1979).
In reviewing the record for errors patent, we note that in sentencing the defendants, the trial judge did not state that the sentences are to be served without benefit of parole, probation or suspension of sentence as required by the armed robbery statute, La.R.S. 14:64. However, neither the defendants nor the prosecution has raised this issue on appeal. In this case, the defendants alone have sought appellate review. Therefore, following the recent Louisiana Supreme Court decision of State v. Jackson, 452 So.2d 682 (La.1984), we will ignore this sentencing error because it is favorable to the defendants. To do otherwise would result in a chilling effect on the defendants’ right to appeal.
Finding no reversible error in the record before us, we affirm the convictions and sentences.
AFFIRMED.