464 So.2d 1088 (1985)
STATE of Louisiana
v.
Charles TOLLIVER.
No. 84-KA-0542.
Court of Appeal of Louisiana, First Circuit.
February 28, 1985.
*1089 Ossie Brown, Dist. Atty. by Thomas D'Amico, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Johnny E. Wellons, Baton Rouge, for defendant-appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
Convicted in a bench trial of aggravated battery under LSA-R.S. 14:34 and sentenced to five and one half (5½) years in prison at hard labor, Charles Tolliver appeals his conviction and sentence, alleging four assignments of error. We affirm.
In assignments of error numbers one and three, the defendant challenges the sufficiency of the evidence and the trial judge's rejection of his self-defense claim.
Evidence is sufficient to support a conviction if, after viewing it in the light most favorable to the prosecution, any rational trier of fact could have found all the elements of the crime charged. LSA-C.Cr.P. art. 821. However, the use of force or violence in self-defense is justifiable if it is reasonable and apparently necessary under the circumstances. See LSA-R.S. 14:19. The victim, James E. Kelly, Jr., present owner of Cascade Pool, Inc., but a crew chief at the time of the incident, testified that Tolliver, also a crew chief at the time, reported to work on Monday, August 4, 1980. After a few minutes in the main office, Tolliver walked out into the yard where the crews were assembling and complained about a customer accusing him of drinking on the job. Kelly commented that he had heard the same accusation. Presumably *1090 out of rage, Tolliver punched Kelly in the face with his fist. Kelly staggered. As he backed away, Tolliver grabbed a metal pipe from the bed of a nearby truck. Kelly picked up a piece of plastic pipe lying on the ground to defend himself. After a few exchanges, Kelly turned to get out of the way and Tolliver hit him in the back of the head. The blow split Kelly's head open. Tolliver fled before the police arrived, but was arrested later. Kelly was taken to the hospital for emergency treatment.
Kelly's testimony was corroborated by Wade Curry, an employee of Cascade Pool, who witnessed the incident and testified on the State's behalf.
Tolliver testified that it was Kelly who started the fight. According to his version, he and the victim's father, Kelly, Sr., were having an argument in the office. As they walked outside, Tolliver shoved the older man. When he saw Tolliver shove his father, Kelly grabbed a metal pipe, but Tolliver managed to wrest it from him before he could use it. Tolliver admitted, however, that he struck Kelly with the metal pipe after Kelly had turned to run away.
It is obvious from this testimony that the issue turned on the credibility of the witnesses and that the trial judge, rejecting Tolliver's version as proof of selfdefense, chose to believe the State's witnesses instead. Such credibility evaluations are beyond appellate review. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983). Moreover, viewing the testimony in the light most favorable to the prosecution, a rational trier of fact could have found that the defendant committed an aggravated battery and did not act out of self-defense when he struck the victim in the back of the head with a metal pipe.
Accordingly, these assignments of error are without merit.
In assignment of error number two, the defendant raises what is essentially a claim of ineffective assistance of counsel. He contends that his trial attorney failed to object to leading questions asked by the State of one of its witnesses, Wade Curry.
A claim of ineffective assistance of counsel is ordinarily raised in a petition for post-conviction relief, but because evidence of the alleged error is contained in the record, we will decide the issue in the interest of judicial economy. See State v. Seiss, 428 So.2d 444 (La.1983); State v. Bourgeois, 451 So.2d 172 (La.App. 1st Cir.), writ denied, 457 So.2d 18 (La.1984).
An effective counsel is "`not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.'" (citations omitted). State v. Ratcliff, 416 So.2d 528, 531 (La.1982).
The court must determine whether counsel's conduct "so undermined the proper functioning of the adversarial process" that the trial failed to produce a just result. Defendant must show both that counsel's performance was deficient and that it prejudiced his defense. Using an objective standard of "reasonableness under prevailing professional norms" and the strong presumption that counsel rendered reasonable assistance, the court must evaluate counsel's performance as of the time of his conduct without the "distorting effects of hindsight." Even an unreasonable error does not warrant setting aside a conviction if it had no effect on the verdict. Thus, the defendant must affirmatively prove prejudice, that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." (emphasis ours.) There is no need for a court to address both issues of the inquiry if the defendant makes an insufficient showing on one. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." The proper focus is on the fundamental fairness of the trial. Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 2064-2070, 80 L.Ed.2d 674 (1984). Since defendant has failed to show *1091 prejudice (nor do we find any) we do not need to determine whether leading questions were asked. Accordingly, this assignment of error is without merit.
In his last assignment of error, the defendant contends that the trial judge imposed an excessive sentence and failed to comply with sentencing guidelines in LSA-C.Cr.P. article 894.1.
We are satisfied that the trial judge adequately complied with LSA-C. Cr.P. article 894.1. He particularly noted defendant's extensive criminal record and the violent nature of defendant's crime as justification for imposing the prison sentence. Moreover, conviction of aggravated battery carries with it a maximum sentence of ten (10) years in prison. The trial judge sentenced the defendant only to five and one-half (5½) years, slightly more than one-half of the maximum term. We do not find the sentence to be excessive, nor do we feel that the trial judge abused his discretion in imposing it. Accordingly, this assignment of error is without merit.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.