562 So.2d 35 (1990)
STATE of Louisiana
v.
Jasper GREEN.
No. CR 89-975.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1990.
*36 Patricia C. Cole, Kinder, for defendant-appellant.
Alfred Ray Ryder, Dist. Atty., Oberlin, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and FORET and STOKER, JJ.
STOKER, Judge.
Defendant, Jasper Green, was charged and later convicted in a judge trial of distribution of a controlled dangerous substance, to wit: marijuana, in violation of LSA-R.S. 40:966(A)(1) and (B) and LSA-R.S. 40:964 I, C. He was sentenced on July 25, 1989 to serve three years at hard labor and to pay a $2,000 fine, or in default thereof, the defendant would serve one year in parish jail consecutive to any other sentence imposed. On August 1, 1989 a motion for new trial was denied. Subsequently, on August 3, 1989, the trial judge corrected the defendant's sentence and ordered the defendant to serve five years imprisonment at hard labor.
On appeal defendant urges one assignment of error reproduced below:
I. The conviction was obtained in violation of the Constitution of the United States of America and the laws of the State of Louisiana in that the defendant was deprived of effective assistance of counsel as a result of having incompetent counsel in the following non-exclusive particulars, to wit:
A. Failing to call defense witnesses who could provide an alibi defense for the defendant, the names of said witnesses having been provided to defense counsel at the time of the preliminary examination held on June 8, 1989, the testimony of which would have provided a basis for the defendant's acquittal;
B. Failing to call defense witnesses who could impeach the prosecution's only identification witness on the issue of identity, the names of said witnesses having been provided to defense counsel at the time of the preliminary examination held on June 8, 1989, the testimony of which would have provided a basis for the acquittal of the defendant;
C. Failing to allow the defendant to testify on his own behalf at the trial after repeated requests to do so by the defendant before and during the trial and thereby providing exculpatory testimony which would have led to his acquittal, when taken in context with the hereinabove described testimony;
D. Failing to timely file a motion for new trial prior to the Court imposing a sentence and failing to inform the defendant of his right to do so;[1]
E. Failing to withdraw from the case in a timely manner, after he had told the defendant that he would not represent him, so that the defendant could have sought new counsel and adequately prepared his defense.
The sole issue raised on appeal relates to the effectiveness of trial counsel.

LAW
A claim of ineffective assistance of counsel is properly raised in a petition *37 for post-conviction relief.[2]State v. Burkhalter, 428 So.2d 449, 456 (La.1983) and State v. Tolliver, 464 So.2d 1088, 1090 (La. App. 1st Cir.1985). If development of evidence on the issue of insufficiency is warranted, the district court may order a full evidentiary hearing. State v. Seiss, 428 So.2d 444 (La.1983); State v. Brown, 384 So.2d 983 (La.1980); State v. Deloch, 380 So.2d 67 (La.1980). However, where the record contains evidence necessary to decide the issue, and the issue is raised on appeal by an assignment of error, the issue should be considered. State v. Seiss, supra; State v. Burkhalter, supra, and State v. Tolliver, supra.
The record in this case does not disclose the appropriate evidence needed to decide the issue of ineffective assistance of counsel. For example, we cannot determine from the present record whether trial counsel's decision not to call defense witnesses at trial was a choice dictated following consultation with the defendant or was a tactical decision of counsel that such action was the best means of prevailing at trial or was a result of ineffective assistance. Nor can we determine the existence, character and weight of evidence that might have been available had defense witnesses been called to testify at trial. Additional factual determinations are essential to the determination of whether there was ineffective trial counsel and whether or not it prejudiced the outcome of the defendant's case.
For the foregoing reasons, this court is not in a position to determine the issue of insufficiency of counsel. Accordingly, this case is remanded to the trial court where the defendant may seek post-conviction relief if he so chooses.
REMANDED.
NOTES
[1] Part D of the assignment of error was not briefed. An assignment of error not briefed or argued is considered abandoned. State v. Williams, 366 So.2d 1365 (La.1978). As the assignment, Part D, relates to the ineffectiveness of trial counsel issue, it will be treated in this holding.
[2] Several cases hold that filing of a writ of habeas corpus in the trial court is the proper vehicle by which a defendant may raise the issue of ineffectiveness of counsel. State v. Seiss, 428 So.2d 444 (La.1983); State v. Prestridge, 399 So.2d 564 (La.1981); State v. Brown, 384 So.2d 983 (La.1980) and State v. Deloch, 380 So.2d 67 (La.1980). However, LSA-C.Cr.P. art. 351 (third paragraph), amended by Acts 1980, No. 429, effective January 1, 1981, provides that habes corpus title is not available "to persons entitled to file an application for post-conviction relief under Title XXXI-A." See paragraph three of the Official Revision Comment under LSA-C.Cr.P. art. 351.