# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-140

**STATE OF LOUISIANA**

**VERSUS**

**KYLE DEWAYNE FORRESTER**

************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, DOCKET NO. 94305
HONORABLE TONY A. BENNETT, DISTRICT JUDGE

************

## SYLVIA R. COOKS
### CHIEF JUDGE
************

Court composed of Sylvia R. Cooks, Chief Judge, Jonathan W. Perry and Charles G. Fitzgerald, Judges.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Terry W. Lambright, District Attorney
William R. Thornton, Assistant District Attorney
P.O. Box 1188
Leesville, LA 71446
(337) 239-2008
COUNSEL FOR APPELLEE:
        State of Louisiana

Annette Roach
Louisiana Appellate Project
P.O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-3384
COUNSEL FOR DEFENDANT/APPELLANT:
        Kyle DeWayne Forrester

**COOKS, Chief Judge.**

On August 9, 2019, Defendant, Kyle DeWayne Forrester, was charged by bill of indictment with one count of molestation of a juvenile under the age of thirteen, in violation of La.R.S. 14:81.2(A)(1) and 14:81.2(D)(1); as well as one count of cruelty to a juvenile, in violation of La.R.S. 14:93(A)(1). The offenses occurred in February and April of 2019, respectfully, and were both committed against Defendant's biological daughter, R.F., whose date of birth is November 22, 2018.

On January 7, 2020, Defendant appeared alongside his appointed attorney, Clay Williams, and pled guilty to the charge of molestation of a juvenile under the age of thirteen in exchange for the State dismissing the cruelty to a juvenile charge. At Defendant's guilty plea, the State set forth the following factual basis:

> The victim in this case, uh, her initials are R.F. Her date of birth is 11/22/2018. And at the date and time of this offense, she was two months and fifteen days old. There was certainly an age difference of greater than two years between Mr. Forrester and his victim and he did commit the lewd and lascivious act upon her and that was specifically using his hands to manipulate her genitals. Uh, he also spat on the genitals and he did all of those acts with the intention of arousing and gratifying at least the sexual -- his own sexual desires. Uh, certainly by the facts I've alleged, it is apparent that R.F. is under the age of thirteen years and she was on a changing table and, uh, the other thing about the supervision and control is that the child, R.F., is the natural child of Mr. Forrester and, thus, he did have supervision and control of said juvenile. And the State alleges that constitutes one count of the offense of molestation of a juvenile under the age of thirteen years.

We do note that, although Defendant accepted the facts and pled guilty, he contended that it was "a little more -- more-- more complex than just that." There was no sentencing recommendation. After accepting Defendant's guilty plea, the trial court set sentencing for March 24, 2020, and ordered a presentence investigation (PSI).

Sentencing ultimately took place via Zoom on September 29, 2020. Defendant was represented at sentencing by Jack L. Simms, Jr. Upon being informed by the trial court that Clay Williams was unavailable, Defendant stated he "was supposed to be able to talk to [Mr. Williams] before" the hearing. At that point,

Mr. Simms stated, "Your Honor, I really don't know anything about the case at all. I don't know what I would talk to him about."

The trial court then told Defendant "-- this is a sentencing today. Uh, in other words, there's no evidence. I will ask if there's anything you would like to say prior to the sentencing. Uh, I will ask that, uh, but, I mean, we're not taking any evidence or anything at this point." Defendant then stated he had no objection to Mr. Simms standing in for Mr. Williams or with holding the sentencing hearing via Zoom. Shortly thereafter, the trial court acknowledged receiving a victim impact statement from R.F.'s mother, then allowed R.F.'s grandmother to take the stand and give an additional statement regarding the impact the event had on the family.

At that point, Defendant noted he had personally sent a letter to Mr. Williams to present to the court and stated that his parents told him they sent multiple letters to Mr. Williams. The trial court informed Defendant it never received any letters on his behalf, and Mr. Simms offered to look through the case file he had with him to see if they were there. After noting he was not sure if what he had was the only file, Mr. Simms stated there were no letters in the file as described by Defendant. The trial court asked Defendant if he had anything to say, at which point Defendant tried to explain that he had been trying to contact Mr. Williams about his case and how he disagreed with the court's recitation of what happened. The trial court interrupted Defendant to tell him they were not going to relitigate the facts because Defendant had already pled guilty.

When Defendant tried to explain that he believed they were supposed to be preparing for sentencing by "put[ting] my case together," the trial court again interrupted to say "No, sir." The trial court then stated:

> All I can tell you is, you entered a plea on January the 7th of 2020 and we set this matter for sentencing, uh, and I set a date to review any letters or anything that you'd like to present. I've not received anything. There was a P.S.I. done, a presentence investigation, which I have reviewed -- reviewed, uh, so I'm moving forward at this time.

After discussing the PSI, the trial court stated the following before handing Defendant a maximum sentence of ninety-nine years at hard labor without benefit of probation, parole, or suspension of sentence:

> Parents spend their life protecting their children from things like this, and you do this to your child. The details of this incident are sickening to the Court. The mother says in her statement that members of her family want for you to have the death penalty but she hopes you live a long life behind bars, wake up every day and live with what you've done. You, sir, are a demented, evil person. And a person who would do this to any child, much less their own two-month-old child, does not deserve to ever take a breath as a free man the rest of their life. You, sir, are the worst of the worst, a menace to society, and everyone is at risk if you're walking the streets. The fact that you did this to two separate children shows that you have a propensity to harm children.

On October 14, 2020, Clay Williams filed a "Motion to Reconsider Sentence" on Defendant's behalf, contending the sentence was excessive, it was a manifest abuse of discretion, and "[t]he trial court failed to adequately consider applicable mitigating circumstances in determining the appropriate sentence to be imposed." The motion was denied without hearing the same day.

Defendant is now before this court appealing his sentence. He raises two assignments of error, namely that (1) he was denied due process and effective assistance of counsel when the trial court convinced him to waive the presence of Mr. Williams and proceeded to sentencing with stand-in counsel who knew nothing about Defendant's case and (2) his sentence is constitutionally excessive. For the following reasons, we find Defendant's sentence must be vacated and the matter remanded for a new sentencing hearing with Defendant represented by counsel familiar with his case.

## ANALYSIS

### I. State's Motion to Strike.

Prior to addressing Defendant's assignments of error, we note the State in a motion to strike, asks this court to reject Defendant's original brief and his reply brief, on the ground that Defendant has contended the trial court intentionally misled

him regarding the nature of the sentencing hearing. In particular, the State takes issue with Defendant's "Issues on Appeal" wherein he stated the trial court told him "no evidence would be admitted in an effort to obtain a waiver from Appellant of his right to counsel familiar with his case," and when he contends the trial court acted "in an attempt to get him to waive" the presence of his original attorney, Mr. Williams. The State contends Defendant's assertion that the trial court misled him in order to obtain a waiver constitutes a "serious breach of protocol and violation of the Uniform Rules - Courts of Appeal." Furthermore, the State contends that because of the comments, "which impugn the motives and integrity of the trial judge in this case, the State cannot directly respond to the allegation in good faith, thereby preventing the State from fully and effectively addressing the defendant's substantive claims on review."

The State specifically contends Defendant's comments violate Uniform Rules—Courts of Appeal, Rule 2-12.2(C), which states that:

> The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution. Any violation of this Subsection shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned.

While the State contends Defendant's language was an unnecessary attack on the trial court, we disagree. Defendant has contended he was denied due process and effective assistance of counsel based on the trial court's claim that "no evidence would be taken" at the sentencing hearing, which was subsequently violated when the trial court proceeded to allow the State to call the victim's grandmother to give testimony at sentencing. We find it was not inappropriate for lay Defendant to question the actions of the trial judge and for his attorney to articulate his concerns. Accordingly, the State's motion to strike is denied and Defendant's brief is accepted as written.

## II. Defendant's Assignments of Error.

In his first assignment of error, Defendant contends "[t]he trial court erred in denying Appellant during the sentencing phase of the case both due process and representation by effective counsel as guaranteed by the Sixth Amendment of the Constitution of the United States." Specifically, Defendant contends he was denied due process and effective representation by the trial court when it told him there would be no taking of evidence at sentencing, and then obtained Defendant's waiver of representation by Mr. Williams. The trial court then accepted testimony before sentencing him while he was represented by counsel that openly admitted he knew nothing about Defendant's case. Defendant thus was deprived of representation by counsel who knew the facts of his case and was capable of presenting mitigating factors during sentencing.

In *State v. Harris*, 18-1012 (La. 7/9/20), ___ So.3d ___, the Louisiana Supreme Court held that counsel at sentencing could be ineffective for failing to investigate mitigating circumstances. The defendant in *Harris* contended his attorney was ineffective at sentencing because he failed to argue for a downward departure from a mandatory life sentence under the habitual offender statute. In agreeing with the defendant, the court stated:

> An objectively reasonable standard of performance requires that counsel be aware of the sentencing options in the case and ensure that all reasonably available mitigating information and legal arguments are presented to the court. Since Louisiana law prohibits excessive sentences, and requires that individual circumstances be considered, counsel acts unprofessionally when he fails to conduct a reasonable investigation into factors which may warrant a downward departure from the mandatory minimum.

*Id.* at p. 19.

If counsel is ineffective for failing to investigate and present mitigating factors when the trial court has a mandatory sentence before it, there can be no question that

Mr. Simms's performance at sentencing was ineffective. As this court has previously noted:

> A claim of ineffective assistance of counsel is properly raised in a petition for post-conviction relief. *State v. Burkhalter,* 428 So.2d 449, 456 (La.1983) and *State v. Tolliver,* 464 So.2d 1088, 1090 (La.App. 1st Cir.1985). If development of evidence on the issue of insufficiency is warranted, the district court may order a full evidentiary hearing. *State v. Seiss,* 428 So.2d 444 (La.1983); *State v. Brown,* 384 So.2d 983 (La.1980); *State v. Deloch,* 380 So.2d 67 (La.1980). However, where the record contains evidence necessary to decide the issue, and the issue is raised on appeal by an assignment of error, the issue should be considered. *State v. Seiss,* supra; *State v. Burkhalter,* supra, and *State v. Tolliver,* supra.

*State v. Green*, 562 So.2d 35, 36-37 (La.App. 3 Cir. 1990) (footnote omitted).

In light of *Harris*, the record before this court is sufficient to determine Mr. Simms provided ineffective assistance of counsel when he represented Defendant at sentencing. There is no question Mr. Simms failed to investigate mitigating factors, as he openly stated he had no knowledge of the case; furthermore, he had to request a brief recess mid-hearing to determine if there were any letters in Defendant's file, as he had never looked at it before. Given the supreme court's statement in *Harris* that failing to investigate a possible downward departure is ineffective assistance, the complete failure to represent Defendant in the present case is worse. While the defendant in *Harris* was facing a mandatory life sentence, Defendant was facing anywhere from twenty-five years to ninety-nine years without benefits. After counsel who knew nothing about the case failed to present any mitigating factors that could have impacted Defendant's sentence, the trial court handed down a maximum sentence after finding Defendant was the worst kind of defendant, declaring him "evil" and "demented." Therefore, we must vacate Defendant's sentence and remand the matter for resentencing where Defendant is to be represented by counsel familiar with the facts of the case and capable of rendering effective assistance.

In light of our ruling that Defendant's sentence should be vacated, and the matter remanded for a new sentencing hearing, Defendant's second assignment of error that his maximum sentence is excessive is pretermitted.

## DECREE

For the above reasons, Defendant's conviction is affirmed, but his sentence is vacated, and the matter remanded for a new sentencing hearing with Defendant to be represented by counsel capable of rendering effective assistance. The State's motion to strike is denied.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**