451 So.2d 172 (1984)
STATE of Louisiana
v.
Ronald BOURGEOIS.
No. 83 KA 1124.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Rehearing Denied June 29, 1984.
*173 Walter K. Naquin, Louis Thad Toups, Asst. Dist. Attys., Thibodaux, for plaintiff State of La.
Marjorie K. Patin, Thibodaux, for defendant Ronald Bourgeois.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Defendant, Ronald Bourgeois, was charged with simple kidnapping, a violation of LSA R.S. 14:45, in connection with the abduction of a convenience store clerk. A jury convicted defendant as charged, and he was subsequently sentenced to five years at hard labor. After sentencing, defendant filed a motion for a new trial, based upon allegedly ineffective counsel, and the court ordered a hearing on the motion. The motion was denied after a full hearing, and the State served notice of its intent to file a multiple offender proceeding. Defendant was found to be an habitual offender; the court vacated the five year sentence previously rendered and imposed a ten year sentence.
Although defendant has alleged three assignments of error on appeal, defendant's second assignment of error was not briefed and is therefore considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4.
*174 In his first assignment of error, defendant argues that the court erred in denying his motion for a directed verdict because the State failed to prove evidence sufficient to constitute the crime of simple kidnapping.
We note initially that defendant was not entitled to a directed verdict of acquittal because the matter was tried to a jury. State v. Allen, 440 So.2d 1330 (La. 1983); LSA C.Cr.P. art. 778. This court has held that the proper procedural mechanism to raise the issue of the sufficiency of the evidence is by a motion for a post verdict judgment of acquittal. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983).[1] Nevertheless, even though defendant did not properly raise the issue below, the critical Constitutional issues implicit in defendant's allegations compel us to consider the merits of defendant's claim. Accordingly, we have reviewed the record herein to determine whether the evidence, viewed in a light most favorable to the State, supports a verdict of guilty. LSA C.Cr.P. art. 821. We find defendant's argument totally without merit, and his conviction wholly supported by the evidence.
Two convenience store customers testified at trial that they observed the abduction of the clerk, saw a knife in the abductor's hand, and then signaled to two nearby deputies as the defendant attempted his escape by car. The two deputies who followed the defendant's car testified that they had had the defendant's car under surveillance prior to and at the time of the abduction, and that they never lost sight of the subject car until it was stopped and the defendant was arrested. Other evidence presented at trial included the testimony of the victim herself, who narrated the events and positively identified the defendant. Accordingly, we conclude that the jury was completely justified in its finding that the elements of this crime were proven beyond a reasonable doubt.
In his final assignment of error, defendant argues that the trial court erred in denying defendant's motion for a new trial, alleging ineffective representation by his court appointed lawyer.
A claim of ineffective counsel is more properly raised by an application for a writ of habeas corpus in the district court where a full evidentiary hearing may be conducted. State v. Craddock, 435 So.2d 1110. (La.App. 1st Cir.1983). Where the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, the issue may be addressed in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La. 1983); State v. Ratcliff, 416 So.2d 528 (La. 1982).
In the case herein, as in Ratcliff, supra, the allegation was initially raised by a motion for a new trial, and a hearing was conducted in the district court, wherein the evidence regarding the allegation was developed in sufficient detail for this court to review.
The standard for effective assistance of counsel was enunciated by the Louisiana Supreme Court in State v. Berry, 430 So.2d 1005, at 1007 (La.1983):
Defendants in criminal trials are entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Art. 1, § 13 of the Louisiana Constitution. "Effective assistance" is difficult to define. Louisiana requires that counsel "meet the level of competency normally demanded in criminal cases." State v. Felde, 422 So.2d 370 at 393 (La.1982). This is essentially the standard enunciated in McMann v. Richard, 397 U.S. 759 at 771, 90 S.Ct. 1441 at 1449, 25 L.Ed.2d 763 at 773 (1970).
In this regard, our Supreme Court has further stated that,
Effective counsel has been defined to mean "not errorless counsel, and not *175 counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." United States v. Fruge, 495 F.2d 557 (5th Cir.1974). Accord: United States v. Johnson, 615 F.2d 1125 (5th Cir.1980).
State v. Ratcliff, 416 So.2d 528, at 531 (La.1982).
Relative to his motion for a new trial, defendant had alleged in a pre-sentence investigation that he had not met his lawyer prior to trial. The evidence adduced at the hearing on the motion for a new trial indicated that defendant had met with counsel prior to trial; in fact, defendant himself testified with regard to two meetings prior to trial. Although defense counsel now alleges that the trial counsel conducted no investigation into the facts of the case, and that trial counsel did not discuss possible defenses with defendant prior to trial, both trial counsel and the State testified that the trial counsel reviewed the entire file on the matter and discussed the case at length with the prosecuting attorney. More importantly, defendant did not allege nor show any prejudice to his case or the existence of any exculpatory evidence not presented at trial.
The district court which presided over defendant's trial considered and denied his motion for a new trial. Any doubts that defendant had not been effectively represented were satisfied at the hearing. The record does not substantiate defendant's claim of ineffective counsel.
The decision of the trial court on a motion for a new trial is accorded great discretion and its ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Quimby, 419 So.2d 951 (La.1982). No abuse of discretion is presented herein. The trial court properly rejected defendant's claim of ineffective counsel in denying his motion for a new trial.
For the foregoing reasons, we affirm the decision of the trial court.
AFFIRMED.
NOTES
[1] Our Supreme Court, in Allen, supra, states that the issue is properly presented either by a motion for a post verdict judgment of acquittal or by a motion for a new trial. 440 So.2d at 1332. In any event, a motion for a directed verdict of acquittal is not correct.