EDWARDS, Judge.
Thomas Jenkins was convicted of armed robbery and sentenced to thirty-five years at hard labor, without benefit of probation, parole, or suspension of sentence, to be served consecutively to the sentence defendant was already serving. He has appealed, alleging that the trial court erred in (1) admitting into evidence a diagram of the crime scene drawn by a State witness, and hearsay testimony; and (2) denying his motion for a new trial.[1] We affirm.
The crime with which defendant was charged took place in the guard shack at Petro-United Chemical Plant in Sunshine, Louisiana, at approximately 10:00 p.m. on September 13, 1983. Holding the guard at knifepoint, two men took checks totalling approximately $228.00, and $67.00 in cash. The victim, whose guard duties included clocking outside workers in and out of the plant, recognized defendant because he was an employee of a company which worked at the plant from time to time. Other eyewitness testimony placed defendant near the scene of the crime shortly after it was committed.
ADMISSION OF DIAGRAM OF CRIME SCENE
Defendant urges that the diagram should not have been admitted because it was not drawn to scale,[2] and that *480 its introduction prejudiced defendant. The lack of drafting skill and the inaccuracies of the drawing go to the weight, not the admissibility, of the sketch. State v. Lawrence, 365 So.2d 1356, 1358 (La.1978), cert. denied, 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979). The diagram was drawn during the trial by a sheriff’s deputy, who freely admitted that it was not an accurate depiction; it was not offered or accepted as a detailed map of the area. The trial court permitted the exhibit to be introduced provided that it was clearly stated to be diag-ramatic only. When the exhibit was presented to the jurors, the State carefully informed them that the diagram was not introduced for its accuracy in detail, but only for the purpose of showing the relationship of pertinent locations. The court did not err in admitting the diagram for this purpose.
ADMISSION OF HEARSAY
Defendant also argues that the trial court erred by failing to exclude hearsay testimony by this deputy regarding the victim’s identification of defendant. Yet defendant did not object at trial, and an error cannot be availed of after verdict unless it was objected to at the time of occurrence. LSA-C.Cr.P. art. 841.
SUFFICIENCY OF EVIDENCE
Defendant contends that the trial court erred in denying his motion for a new trial because the verdict was contrary to the law and evidence and, therefore, that the ends of justice would be served by granting a new trial.
A motion for new trial based on the ground that the ends of justice require it is not reviewable on appeal. State v. Savoie, 448 So.2d 129, 135 (La.App. 1st Cir.), cert. denied, 449 So.2d 1345 (La.1984). A trial judge’s determination regarding the weight of the evidence under article 851(1) of the Code of Criminal Procedure is not reviewable on appeal. State v. Korman, 439 So.2d 1099, 1101 (La.App. 1st Cir.1983). We therefore interpret this assignment of error to claim insufficiency of the evidence. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found guilt beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Washington, 421 So.2d 887, 889-90 (La.1982).
The victim positively identified defendant as the man who robbed him. The victim had seen defendant at the plant several times previously. He testified that the guard shack was illuminated, and that defendant was within two feet of him during the robbery, so that he could easily see defendant’s face. The testimony of the victim is sufficient to establish the elements of the crime. State v. Johnson, 446 So.2d 1371, 1375 (La.App. 1st Cir.), cert. denied, 449 So.2d 1347 (La.1984). Moreover, defendant was seen with one of the stolen checks the day after the robbery.
PATENT ERROR
The trial judge sentenced defendant on the same day that she denied his motion for new trial. The record does not reflect that defendant waived the twenty-four hour sentencing delay required by article 873 of the Code of Criminal Procedure. Defendant does not argue, however, and the record does not reflect, that he was prejudiced by this action. Accordingly, the trial court’s failure to observe the delay was harmless error. See State v. Mason, 447 So.2d 1134, 1139 (La.App. 1st Cir.1984).
For the foregoing reasons, defendant’s conviction is affirmed.
AFFIRMED.

. Defendant's brief also alleges that his sentence is excessive. Yet because it was not designated in the trial court as an assignment of error, as required by article 844 of the Code of Criminal Procedure, we cannot consider it. LSA-C.Cr.P. art. 920. See also State v. Jarreau, 444 So.2d 340, 341 n. 1 (La.App. 1st Cir.1983).

. Defendant’s brief does not provide a reference to the place in the record which contains the alleged error. Although the court may disregard the argument on this basis, Rule 2-12.4, Uniform Rules — Courts of Appeal, we exercise our discretion and consider defendant’s argument.