546 So.2d 1231 (1989)
STATE of Louisiana
v.
Joseph J. JOHNSTON.
No. 88 KA 1405.
Court of Appeal of Louisiana, First Circuit.
June 20, 1989.
Rehearing Denied August 17, 1989.
*1233 Mark Rhodes, Asst. Dist. Atty., Houma, for plaintiff and appellee, State of La.
William Yates, Houma, for defendant and appellant, Joseph Johnston.
Before CARTER, LANIER and LeBLANC, JJ.
CARTER, Judge.
The defendant, Joseph J. Johnston, was charged by bill of information with simple escape, a violation of LSA-R.S. 14:110 A. He pled not guilty and, after trial by jury, was found guilty as charged. He received a sentence of four and one-half years at hard labor. The defendant has appealed, alleging eleven assignments of error, as follows:
1. Due to an error patent on the face of the record, the defendant's conviction should be reversed.
2. The trial court erred in allowing opinion testimony by a witness.
3. The trial court erred in refusing to grant the defendant's motion for acquittal based on the failure of the State to properly establish venue.
4. The trial court erred in allowing the prosecutor to misquote the defendant's rap sheet.
5. The trial court erred in improperly limiting the direct examination of a defense witness.
6. The trial court erred in refusing to allow the defendant to introduce into evidence two letters written by his wife.
7. The trial court erred in allowing a witness to give opinion testimony without a proper foundation being established.
8. The trial court erred in refusing to grant the defendant's motion for a continuance.
9. The trial court erred by quashing a subpoena.
10. The trial court erred in denying the defendant's motion for a change of venue.
11. The trial court erred in denying the defendant's motion to recuse the district attorney.
On April 10, 1986, the defendant was sentenced to fifteen years at hard labor for his previously entered guilty pleas to numerous counts of forgery. The defendant received this reduced sentencing exposure because he had agreed to cooperate with the State in several criminal investigations and prosecutions. Because of this cooperation with the State, the defendant feared for his safety. As a result of this situation, the defendant, after sentencing, was transferred from the Terrebonne Parish Jail to the Houma City Jail by Assistant District Attorney, Allen Helm. On April 14, 1986, the defendant escaped from the Houma City Jail by merely walking through an unlocked door as he returned to his cell after taking a shower. The defendant remained at large until he was captured in Bienville Parish on July 30, 1986.
The defense theory of the case was entrapment. The defendant did not deny that he escaped from the Houma City Jail. Instead, he explained that the prosecutor on the forgery convictions, Allen Helm, intended to allow the defendant to escape in order to facilitate defendant's death. According to the defendant, Allen Helm transferred him to the Houma City Jail and allowed him to escape, hoping that the defendant's enemies would kill him while he was at large. The defendant testified that, before he was transferred to the Houma City Jail, Allen Helm gave him $50.00 and told him about a fire escape door inside the City Jail through which he could escape. The defense also presented evidence that Allen Helm had been exceedingly kind to the defendant's wife, Elizabeth Johnston, *1234 who had also been convicted of forgery (but not sentenced), by giving her a car and co-signing a $1,000.00 loan.
On rebuttal, Allen Helm admitted giving the defendant's wife a car and co-signing her $1,000.00 loan. However, he explained that he did so out of sympathy for her and her children, as well as to rehabilitate her. Mr. Helm also testified that he did not lead the defendant to believe that he could escape from the Houma City Jail and explained that the defendant was a key witness in a case against an attorney who had been charged with two counts of first degree murder.
ASSIGNMENT OF ERROR NUMBER ONE:
In this assignment of error, the defendant contends that an error patent on the face of the record requires that his conviction be reversed. Specifically, the defendant contends that, after his sentence for the forgery convictions, he was transferred to the Houma City Jail at the order of Assistant District Attorney Allen Helm. The defendant contends that, because the district attorney is without authority to order the place of confinement, he was not "legally confined" in the Houma City Jail and, therefore, could not be found guilty of simple escape. In support of this proposition, the defendant cites LSA-R.S. 15:566 B, which provides, in pertinent part:
The sheriff or his duly qualified deputy, within thirty days of the date upon which sentence to imprisonment at hard labor has been imposed, shall deliver the prisoner to the state correctional institution designated by the Department of Corrections.
First, we note that the defendant's characterization of this issue as an error patent on the face of the record is incorrect. For purposes of a patent error check, the record should include the caption, the statement of time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the mentioning of the empaneling of the jury, the verdict, the judgment of sentence, the bill of particulars filed in connection with a short form indictment or information and, in a capital case, a minute entry indicating that the jury had been sequestered. State v. Oliveaux, 312 So.2d 337 (La.1975). Clearly, to determine whether or not the defendant had been "legally confined," it would be necessary to inspect the evidence introduced at the trial.
LSA-R.S. 14:110 provides, in pertinent part:
A. Simple escape shall mean any of the following:
(1) The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections.
The trial testimony indicated that the defendant feared for his safety because he had agreed, as a part of the plea bargain, to be a State witness and give information and/or testify in several criminal investigations and prosecutions. Apparently, the defendant's fear for his safety motivated Allen Helm's decision to transfer the defendant to the Houma City Jail instead of leaving him in the Terrebonne Parish Jail. Contrary to the defendant's argument, transferring him to the Houma City Jail did not violate LSA-R.S. 15:566 B because the Sheriff had thirty days to transfer the defendant to the custody of the Department of Corrections. In the instant case, the defendant was immediately transferred to the Houma City Jail after sentencing, and within a few days, he had escaped. Moreover, there is no doubt that the defendant was aware that he had pled guilty to numerous counts of forgery and had received a sentence of fifteen years at hard labor. He was clearly serving a sentence under color of law. While it may be an unusual procedure to transfer a convicted and sentenced felon to a city jail, the Reporter's Comment to LSA-R.S. 14:110 indicates that "an informality or irregularity in the process of commitment is not *1235 justification to escape." Under the facts of this case, there can be no doubt that the defendant was "legally confined" as contemplated in LSA-R.S. 14:110. See State v. Perry, 364 So.2d 900 (La.1978); State v. Johns, 339 So.2d 801 (La.1976).
This assignment of error is meritless.
ASSIGNMENTS OF ERROR NUMBERS TWO AND SEVEN:
In these assignments of error, the defendant contends that, on two occasions during the trial, lay witnesses were allowed to give opinion testimony. The first instance occurred during the direct examination of Jerry Duplantis, a jailer at the Houma City Jail. The defendant complains that Jerry Duplantis was allowed to give "a speculative answer or opinion testimony." The following excerpt contains the objectionable testimony:
Q That doorway that leads out?
A Yes, sir.
Q And they've got people going out that door all the time?
A Yes, sir.
Q So, it would be possible for an inmate to know that that door is open?
A Yes.
MR. YATES: Objection. Anything is possible. That calls for a conclusion on the part of the witness and is not a fact (sic) testimony. I ask that it be striken (sic) and the jury be admonished not to listen to what he said, not to take that into account.
MR. RHODES: Your HOnor (sic), I think he can say through his own knowledge what other person (sic) would notice. If I asked him whether or not the members of the jury would notice that this is more than a ten foot ceiling and (sic) obvious question. I think he is entitled to give his representation. But I will abide by the Court's ruling.
THE COURT: Now, wait a minute.
MR. RHODES: My point is that I think the lay witness is entitled to give an opinion as to something that is obvious and the question was: Would it not be obvious to all prisoners who traverse that hallway that that door opens and that anybody in the jail who spends any amount of time there, knews (sic) that.
THE COURT: The objection is overruled.
MR. RHODES:
Q My question is ...
MR. YATES: May I enter my objection to the Court's ruling and ask it be made of record. Thank you.
MR. RHODES:
Q So my question is, Jerry, anybody that's in the jail for a period of time they know that that door opens?
A Yes, sir.
LSA-R.S. 15:463 provides:
Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have.
Generally, a lay witness can only testify to the facts within his knowledge and not to impressions or opinions; however, a witness is permitted to draw reasonable inferences from his personal observations. State v. Alexander, 430 So.2d 621 (La.1983). If the testimony constitutes a natural inference from what was observed, there is no prohibition against it as the opinion of a nonexpert witness as long as the lay witness states the observed facts as well. State v. Alexander, supra; State v. Roche, 341 So.2d 348 (La.1976).
In the instant case, before giving his opinion that it would be possible for an inmate to know that the door remained unlocked, Mr. Duplantis testified about the manner in which the door operated and stated that the door was unlocked (from the inside) at the time the defendant escaped. He also testified that people frequently exited that door. Therefore, after stating these observations as a foundation, the trial court correctly allowed Mr. Duplantis to testify about the reasonable inference to be drawn from these observations, i.e., that an inmate might know that that particular door remained unlocked.
*1236 The next objection by the defense to opinion testimony of a lay witness occurred during the rebuttal testimony of Assistant District Attorney Allen Helm. Mr. Helm stated: "Mr. Johnston I believe from the beginning was intending to escape and that he never intended to testify[.]" At this point, defense counsel objected and complained that the question called for a conclusion on the part of the witness. Defense counsel further objected that Mr. Helm could not make such a conclusion without stating the facts upon which such a conclusion was based. The trial court agreed that a foundation must first be laid. Then, as Mr. Helm was testifying about the facts surrounding the defendant's guilty plea and the conditions of the plea bargain agreement (i.e., the facts upon which he based his conclusion), defense counsel again objected. At this point, the trial court overruled the objection stating: "The thought processes of this witness and the facts that he found are something that the jury is going to have to make up their mind about. So, the objection is overruled at this point." Mr. Helm then continued his answer, which stated the facts supporting his conclusion that the defendant intended to escape before entering into the plea bargain agreement. Although this inference was somewhat complicated, it can be resolved in the same manner as the situation noted above.
The defense theory of the case was entrapment. However, Mr. Helm denied telling the defendant that he could escape through the unlocked door in the Houma City Jail. Furthermore, Mr. Helm testified that, in his opinion, the defendant decided to escape at some point after he learned that his wife had already pled guilty. To support this inference, Mr. Helm testified to the following facts: (1) after the defendant learned that his wife had pled guilty, he suddenly agreed to cooperate and decided to plead guilty; (2) the defendant agreed to become a State witness in future criminal investigations and/or prosecutions; (3) because the defendant expressed a fear for his safety, he was placed in the Houma City Jail as a part of the plea bargain agreement; and (4) once inside the Houma City Jail, the defendant escaped at his first opportunity.
In his brief to this Court, the defendant's specific objection is that Mr. Helm was allowed to give opinion testimony without the proper foundation first being established. However, our examination of the transcript reveals that, after the trial court's initial ruling that a proper foundation was required, Mr. Helm did indeed state the facts supporting his theory that the defendant intended to escape when he entered into the plea bargain agreement.
For the above reasons, these assignments of error are meritless.
ASSIGNMENT OF ERROR NUMBER THREE:
In this assignment of error, defendant contends that the State failed to prove venue beyond a reasonable doubt.
LSA-C.Cr.P. art. 615, which was applicable to the instant proceeding, provided:
Improper venue may be raised by motion to quash, and in such case the motion shall be tried by the judge alone. Even if the issue of venue has been passed upon by the judge prior to trial, the state on the trial shall have the burden of proving proper venue beyond a reasonable doubt.[1]
The defendant escaped from Houma City Jail. Bruce Stansbury, a criminal investigator for the Louisiana State Police, assisted the Terrebonne Parish District Attorney's Office in the capture of Johnston. On direct examination, Stansbury testified as follows:
Q And what were your instructions if you came in contact with Joseph Johnston?
*1237 A Joseph Johnston was an escapee out of the Terrebonne Parish facility and he was a fugitive and to arrest him.
From this evidence, the jury could conclude that venue in Terrebonne Parish was proven beyond a reasonable doubt as required by LSA-C.Cr.P. art. 615.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER FOUR:
In this assignment of error, the defendant contends that the trial court erred in allowing the prosecutor to question him about his rap sheet in a misleading way. Specifically, defendant contends that this line of questioning violated LSA-R.S. 15:278, which provides:
Neither upon direct nor cross-examination is it permissible to propound a question which assumes as true that which the jury alone are charged with finding, or which assumes as proven facts which have not been proven, or which assumes that particular answers have been given that have not been given.
During the direct examination of the defendant, defense counsel asked the defendant to read from his rap sheet. The defendant noted several convictions, and he stated the sentences received for those convictions. However, on cross-examination, the prosecutor asked the defendant to reexamine the rap sheet and take note of several convictions which the defendant had not mentioned earlier. Because the defendant had placed his rap sheet before the jury, it was properly within the scope of cross-examination. Furthermore, in response to the prosecutor's questions about the rap sheet, the defendant answered: "The reason I didn't mention them is because I didn't know you wanted me to read them all out." The prosecutor only questioned the defendant about convictions, not arrests. See LSA-R.S. 15:495. Contrary to the defendant's argument, this line of questioning was not misleading or improper.
This assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER FIVE:
In this assignment of error, the defendant contends that the trial court erred in restricting the direct examination of a defense witness which interfered with the defendant's right to present a defense.
During the direct examination of defense witness Steve Ponville, an investigator with the District Attorney's Office, the following colloquy occurred:
Q At a later time, did you testify at a preliminary examination?
A Yes, sir, I did.
Q What did you testify about at the preliminary examination basically?
A I don't quite understand, sir.
MR. RHODES: Your Honor, let me enter an objection at this time. Things are going slow enough I don't see any relevancy as to what he testified at a preliminary examination for 39 counts of forgery has to do with whether or not he escaped from the city jail. I don't see the connexity, the relevancy of Mr. Ponville's testimony in October of 1985.
THE COURT: Mr. Yates?
MR. YATES: Well, I think that if we can show that he testified in accurately, (sic) it would go to show that this individual was being held pretty much in connection with the way his testimony went.
THE COURT: Say that again.
MR. YATES: He testified at the preliminary examination. The reason for him testifying at the preliminary examination was to show probable cause to continue to hold the defendant. The defendant in that case being Mr. Johnston, just as he is in this case. If he in fact testified inaccurately in that case, being the preliminary examination, if that was inaccurate, then I think it would go to back up Mr. Johnston's story about him being held in jail.
MR. RHODES: Your Honor, it would go to contradict
THE COURT: Objection sustained.
MR. RHODES: It would go to contradict it.

*1238 THE COURT: Objection sustained. Proceed.
MR. YATES: By the way, we'll object to that ruling of the Court, respectfully object, and ask that it be noted in the record, Your Honor.
THE COURT: O.K.
Shortly thereafter, the following colloquy occurred:
MR. YATES:
Q Let me ask one more question, two more. You were able to testify to hearsay at the preliminary examination because that is allowed by law, correct?
A I guess so, sir. I'm not familiar with that statute.
Q Did you so testify?
A I testified at the preliminary examination.
Q Right now tell me honestly and truthfully, do you feel that your testimony at that preliminary examination was accurate?
A To the best of my knowledge, yes, sir.
Q It was accurate?
A To the best of my knowledge. I don't recall everything I said, but if I said it, that's what it's suppose to have been.
MR. YATES: That's it, Your Honor. Thank you.
Relevant evidence is evidence tending to show the commission of the offense and the intent or tending to negate the commission of the offense and the intent. LSA-R.S. 15:441.[2] Any evidence, whether direct or circumstantial, is relevant if it tends to prove or disprove the existence of a material fact. State v. Williams, 486 So.2d 889 (La.App. 1st Cir.1986), writ denied, 489 So.2d 915 (La.1986).
In questions of relevancy, much discretion is vested in the trial court. Such rulings will not be disturbed on appeal in the absence of a showing of abuse of discretion. State v. Washington, 484 So.2d 946 (La.App. 1st Cir.1986).
In his brief to this Court, defense counsel explains the reasoning behind this line of questioning as follows:
Counsel was attempting to show Mr. Ponville had no real knowledge of the case and testified inaccurately at the preliminary examination. Counsel felt if it could be shown by inference that the testimony of Ponville was inaccurate, then perhaps defendant's story about being coerced into pleading to the forgery charges might be correct and if that was true then the defendant's defense of entrapment, i.e., being told to escape, might also be true.
After considering defense counsel's reasons for this line of questioning, we conclude that the trial court properly sustained the State's objection on grounds of relevancy. Mr. Ponville's testimony at the defendant's preliminary examination (which was held in connection with the 39 counts of forgery, not the instant offense) could not possibly have had any relevance to the instant case. Defense counsel's reasons in his brief to this Court reveal the extremely speculative nature of this line of questioning. Moreover, as indicated from the second excerpt quoted above, defense counsel eventually questioned the witness about the accuracy of his testimony at the preliminary examination; and the witness replied that he had testified accurately.
This assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER SIX:
In this assignment of error, the defendant contends that the trial court erred in refusing to allow the introduction into evidence of two letters written by the defendant's wife. Although the two letters were not introduced into evidence, they were sealed and made a part of the instant record.
The defendant's wife, Elizabeth Johnston, examined the letters and identified them as her own. The letters were dated *1239 April 28, 1987, and June 1, 1987, and these dates were confirmed by the postmarks on the envelopes. Although defense counsel offered to excise hearsay evidence contained in the letters, the trial court ruled them inadmissible.
At the trial, defense counsel argued that the letters were relevant because they proved that Elizabeth Johnston was receiving threats and, if this were true, they might prove (by inference) that the defendant might have been similarly threatened. We have examined these letters, which were written by the defendant's wife more than one year after the defendant escaped from the Houma City Jail. The contents of these letters have absolutely no relevance to the instant case. See State v. Schell, 492 So.2d 169 (La.App. 1st Cir.1986), writ denied, 496 So.2d 1042 (La.1986). Moreover, although the letters were not introduced into evidence, the trial court did allow Elizabeth Johnston to be questioned about the contents of the letters.
This assignment of error is meritless.
ASSIGNMENTS OF ERROR NUMBERS EIGHT AND NINE:
In these assignments of error, the defendant complains of two pretrial rulings by the trial court which allegedly impaired his right to present a defense. In assignment of error number eight, the defendant contends that the trial court erred in granting a motion by the federal government to quash a subpoena issued to John Marshall, a Drug Enforcement Agent. In assignment of error number nine, defendant contends that the trial court erred in failing to grant a motion for a continuance based on the absence of a defense witness, Haney Delaney.
The defense wished to question Agent Marshall about the defendant's work for him as an informant, "thereby re-enforcing (sic) his entire story concerning his undercover work." However, the federal government filed a motion to quash the subpoena issued to Agent Marshall because there had been no compliance by the defense with the procedures outlined in the Code of Federal Regulations. The federal government contends that, without compliance with these procedures, Agent Marshall could not disclose employment-related information in court.
At the pretrial hearing on the motion to quash the subpoena, when the trial court called upon the defense to respond to the motion, defense counsel merely responded that he objected to the motion. Thereafter, the trial court granted the motion to quash the subpoena. From the defendant's brief to this Court, we are able to conclude that Agent Marshall's testimony would not have been relevant to the instant case. The fact that the defendant worked as an informant for Agent Marshall had absolutely nothing to do with the defendant's escape from the Houma City Jail.
After granting the motion to quash the subpoena, the trial court then addressed the defendant's oral motion for a continuance based on the absence of defense witness Haney Delaney. Upon the trial court's refusal to accept the defendant's guilty plea to the instant offense, it became apparent that the case would come to trial the following day. Under these circumstances, we conclude that it was appropriate for the trial court to consider defense counsel's oral motion for a continuance. See LSA-C.Cr.P. art. 707; State v. Washington, 407 So.2d 1138 (La.1981).
LSA-C.Cr.P. art. 709 provides:
A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
In his brief to this Court, defense counsel contends that he met all three requirements in LSA-C.Cr.P. article 709 and, *1240 therefore, the requested oral continuance should have been granted. However, our review of the record indicates that this assertion is incorrect. In fact, defense counsel informed the trial court that the witness, Mr. Delaney, had advised him that he could only testify as a character witness and could not "help" the defendant. Furthermore, defense counsel explained that he did not subpoena Mr. Delaney well in advance of trial because he did not believe Mr. Delaney's testimony would benefit the defendant, yet the defendant insisted on Mr. Delaney's presence at the trial. Therefore, not only did the defense fail to show the materiality of Mr. Delaney's testimony and the necessity for his presence at the trial, the defense also failed to show that Mr. Delaney would be available at a future date. Finally, defense counsel stated that he had only talked to Mr. Delaney on the phone several months earlier and issued a subpoena for Mr. Delaney eleven days before the trial date. Clearly, these facts are not sufficient to prove due diligence was used in an effort to procure Mr. Delaney's attendance at the trial.
For the above reasons, these assignments of error are meritless.
ASSIGNMENT OF ERROR NUMBER TEN:
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a change of venue.
LSA-C.Cr.P. art. 622 provides:
A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial.
In support of the motion for a change of venue, the defendant alleged that Judge Baron B. Bourg of the 32nd Judicial District Court had, on two occasions, threatened the defendant with severe sentences if he were found guilty on pending forgery charges. The motion to change venue also alleged that several prospective defense witnesses had been threatened by the district attorney's office or feared retaliation from the district attorney's office. However, at the hearing on this motion, none of these grounds were proven. Judge Bourg did indicate that he had become angry with the defendant who, for a period of approximately one month, telephoned Judge Bourg's office several times a day. However, Judge Bourg specifically denied threatening the defendant, either directly or indirectly, with severe sentences should he be convicted.
The only other witness to testify in support of this motion was the defendant's wife, Elizabeth Johnston. Although she testified that she had been threatened by Assistant District Attorney Allen Helm, the nature of this threat was that she would be in trouble if she failed to comply with the terms of her plea bargain agreement. Specifically, she testified that Mr. Helm threatened to put her back in jail if she did not get a job. Clearly, this threat was unrelated to the type of threats contemplated in the motion for a change of venue.
The defense failed to present any evidence which would necessitate a change of venue. Therefore, the trial court correctly denied the motion.
This assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER ELEVEN:
In this assignment of error, the defendant contends that the trial court erred in denying his motion to recuse the District Attorney for the 32nd Judicial District Court, Parish of Terrebonne. As support for this motion, the defendant stated that he was previously represented by Paul Brown, who subsequently accepted a position as an assistant district attorney. He also pointed to allegations concerning the first assistant district attorney, Allen Helm.
*1241 LSA-C.Cr.P. art. 680 provides, in pertinent part:
A district attorney shall be recused when he:
(1) Has a personal interest in the cause or grand jury proceeding which is in conflict with fair and impartial administration of justice;
* * * * * *
(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney.
In an action to recuse the district attorney, the defendant has the burden of showing, by a preponderance of the evidence, that the district attorney has a personal interest in conflict with the fair and impartial administration of justice. State v. Edwards, 420 So.2d 663 (La.1982). The fact that an assistant district attorney previously represented a defendant in the same criminal matter does not ipso facto require the district attorney and other members of his staff to be recused. State v. Bell, 346 So.2d 1090 (La.1977). The law presumes that the attorney will respect a client's confidences. State v. Brown, 478 So.2d 600 (La.App. 2nd Cir.1985). Where counsel is not called upon to use against his former client any confidential knowledge gained through their former association, the accused suffers no prejudice. State v. Bell, supra.
At the hearing on the motion to recuse the district attorney and his staff, Paul Brown, who had previously represented the defendant, testified that since being employed by the district attorney's office he had not revealed any confidential communications to any member of the district attorney's office or the staff. Furthermore, he stated that he was not involved in the instant prosecution. Therefore, it is obvious that the defendant was not prejudiced in any manner since no confidential communications had been revealed. Furthermore, although the defense did allege that Mr. Helm told the defendant to escape from the Houma City Jail and Mr. Helm was called as a rebuttal witness by the prosecution, we find that these facts did not constitute sufficient grounds for recusing the Terrebonne Parish District Attorney's Office.
This assignment of error is meritless.

CONCLUSION
For the above reasons, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] LSA-C.Cr.P. art. 615 was amended by Acts 1988, No. 554, § 1, effective September 9, 1988, and now provides:

Improper venue shall be raised in advance of trial by motion to quash, and shall be tried by the judge alone. Venue shall not be considered an essential element to be proven by the state at trial, rather it shall be a jurisdictional matter to be proven by the state by a preponderance of the evidence and decided by the court in advance of trial.
[2] LSA-R.S. 15:278, 15:441, 15:463, and 15:495, which are cited in this opinion, were repealed by the new Code of Evidence, which became effective on January 1, 1989. See Acts 1988, No. 515. However, these statutes were applicable to the instant proceeding.