563 So.2d 477 (1990)
STATE of Louisiana
v.
Samuel ROBINSON.
No. KA 89 1206.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
*479 Wayne Ray Chutz, Asst. Dist. Atty., Livingston, for the State.
Michael Thiel, Hammond, for Samuel Robinson.
Before EDWARDS, LANIER and FOIL, JJ.
EDWARDS, Judge.
Samuel Robinson was indicted for aggravated battery, a violation of LSA-R.S. 14:34. Defendant pled not guilty and after a jury trial was found guilty. Defendant was sentenced to serve six years with the Department of Corrections. He appeals, urging the following errors:
1. Defendant was denied his Sixth Amendment right to effective assistance of counsel.
2. The trial court erred by allowing evidence of other crimes to be admitted at trial.
3. The trial court erred through admission of evidence designed to evoke sympathy or bias of the jury and which was unduly inflammatory.
4. The trial court erred in admitting hearsay testimony.
5. The trial court erred in sustaining the state's objection to defendant's cross-examination of one of the state's witnesses.
6. The trial court erred in allowing into evidence a statement made by defendant where the state had not properly notified defendant of the existence of the statement.
7. The trial court erred in allowing a statement of the defendant into evidence where the state had not laid the proper predicate as required by La.R.S. 15:451.
8. The trial court erred in sustaining the state's objection to defendant's cross-examination of a police officer.
9. The trial court erred in allowing the prosecution to make prejudicial remarks with respect to defendant's failure to testify.
10. The trial court erred by not instructing the jury with respect to justification and/or use of force or violence in defense.
In brief to this Court, defendant expressly abandons Assignments of Error Nos. 8 and 10. Therefore, those assignments need not be addressed.
On the night of October 23, 1987, a fight occurred at Otis' Bar near Walker, Louisiana. Defendant was present at the bar when the victim, Jerome Grayer, and his girlfriend, Gracie Felder, arrived. There was testimony that defendant and Grayer had problems in the past due to an incident that occurred between defendant's brother and the victim. Grayer had allegedly gone to the barroom to pay off a tab when he encountered defendant. Defendant asked Grayer for a cigarette, to which Grayer replied he had none. Defendant also asked Grayer for twenty-five cents in order to play a song on the jukebox, but Grayer replied he had no change.
Shortly thereafter, as Grayer was leaving the barroom, he encountered defendant again. Grayer testified that, as he was walking out of the door of the barroom, defendant, without provocation, stabbed him in the neck with a butterfly knife. Grayer turned and started fighting in an attempt to protect himself. A struggle ensued, and Grayer and defendant tumbled over a fence which was adjacent to the barroom parking lot. Grayer received several stab wounds in the back, under his arm and on his hand. Grayer, realizing he was wounded and having trouble breathing, attempted to flee. Defendant chased Grayer in an attempt to stab him again, but Grayer escaped into an adjacent house where he collapsed. Grayer was hospitalized shortly thereafter with multiple stab wounds requiring surgery.
Officer Elton Burns of the Walker Police Department investigated the altercation and questioned defendant. Defendant told Burns that he had been in a fight with Jerome Grayer but gave no further information. Burns searched the area of the altercation but did not find a weapon.

OTHER CRIMES EVIDENCE
By way of Assignment of Error No. 2, defendant maintains that the trial court *480 erred in allowing evidence of "other crimes" to be admitted at trial without complying with the notice requirement of State v. Prieur, 277 So.2d 126 (La. 1973). Defendant alleges that, numerous times during the trial, the state elicited testimony relating to the existence of prior criminal acts allegedly committed by defendant. The alleged prior criminal acts which defendant maintains the state elicited at trial include: defendant's going to the victim's house in order to make threats and argue with him; a fight between the victim and defendant, occurring prior to the crime charged; defendant's alleged possession of an illegal weapon approximately one week prior to the alleged aggravated battery; and alleged acts of harassment by defendant of the victim prior to the incident.
Initially, we note that defendant failed to offer an objection to three of the four instances of testimony which he maintains constitutes evidence of "other crimes." Moreover, defendant's objection to the testimony concerning the alleged possession of an illegal weapon was based upon grounds of relevancy, not that it constituted "other crimes" evidence. Normally, an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. LSA-C.Cr.P. art. 841; State v. Sisk, 444 So.2d 315, 316 (La. App. 1st Cir.1983), writ denied, 446 So.2d 1215 (La.1984). Additionally, it is well settled that defense counsel must state the basis for his objection when making it and point out the specific error which the trial court is making. The grounds of objection must be sufficiently brought to the attention of the trial court to allow it the opportunity to make the proper ruling and correct any claim of prejudice. State v. Brown, 481 So.2d 679, 686, 687 (La.App. 1st Cir.1985) writ denied, 486 So.2d 747 (La.1986). A defendant is limited on appeal to grounds for objection articulated at trial. A new basis for objection cannot be raised for the first time on appeal. Brown, 481 So.2d at 687. We note that in three of the four instances where defendant has indicated "other crimes" evidence was allowed to be introduced, he failed to point out to what crimes the testimony refers.
In addressing defendant's contention that testimony referring to the alleged prior criminal act of possession of an illegal weapon constitutes "other crimes" evidence, we note that LSA-R.S. 14:95 provides in part that illegal carrying of weapons is the intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person; or the manufacture, ownership, possession, custody or use of any switchblade knife, spring knife or other knife or similar instrument having a blade which may be automatically unfolded or extended from a handle by the manipulation of a button, switch, latch or similar contrivance. In addition, a weapon is not "concealed" if it is sufficiently exposed to reveal its identity. State v. Fulker, 311 So.2d 863, 865-866 (La.1975).
Willie Barnes, the manager of the barroom where the crime occurred, testified that he saw defendant with a "butterfly" knife approximately one week prior to the incident in question. Barnes' testimony clearly indicates that defendant did not have the weapon concealed. Further, it is not apparent from Barnes' testimony that the knife defendant allegedly had in his possession one week prior to the incident in question was a "switchblade" or spring knife. Since the knife in question was not concealed and not a switchblade, it did not fall within the ambit of LSA-R.S. 14:95. Therefore, Barnes' testimony concerning defendant's carrying of a knife approximately one week prior to the incident herein did not constitute "other crimes" evidence and Prieur notice was not required. Accordingly, this assignment of error is without merit.

HEARSAY TESTIMONY
In Assignment of Error No. 4, defendant claims the trial court erred in admitting hearsay testimony. Defendant argues that the state elicited testimony from Willie Barnes, the manager of the barroom where the crime charged herein occurred, which was hearsay in nature. Barnes testified that he came out from behind the bar *481 as a precaution in order to prevent any altercation from occurring between defendant and the victim. Asked why he did this, Barnes stated:
They was talking about this and you'd better watch this and that and so I did.... I could hear people talking, you know, that he was going to do this.... Sammy (the defendant) might do this....
Initially, we note that defendant offered no objection to the testimony at trial. In any event, hearsay is a statement, other than one made by the declarant while testifying at the present trial, offered in evidence to prove the truth of the matter asserted. LSA-C.E. art. 801. The testimony objected to for the first time on appeal was not offered to prove the truth of the matter asserted; but, instead, was offered to show why Barnes acted in a precautionary manner immediately preceding the incident in question and is, therefore, not hearsay at all. This assignment of error lacks merit.

INFLAMMATORY EVIDENCE
By way of Assignment of Error No. 3, defendant complains that the trial court erred in allowing the admission of evidence which was unduly inflammatory and designed to evoke the sympathy and bias of the jury. During the victim's testimony, the state requested that he show the jury the scars which allegedly resulted from being stabbed by defendant. Before the trial court allowed the victim to make his display, a hearing was held outside the presence of the jury. The trial court allowed the demonstration over defendant's objection. Defendant now argues that the prejudicial effect of allowing the evidence of the victim's scars to be shown to the jury outweighed its probative value.
In considering whether demonstrative evidence is admissible over an objection that it is unduly inflammatory, the test to be applied is whether the proffered evidence is relevant to any material issue in dispute and, if so, whether its probative value exceeds its probable prejudicial effect. State v. Scoby, 536 So.2d 615, 618 (La.App. 1st Cir.1988), writ denied, 540 So.2d 339 (La. 1989). Further, admissibility of evidence at trial is submitted to the trial court's discretion and will not be overturned absent an abuse of that discretion. See State v. Hawthorne, 345 So.2d 1170, 1171 (La.1977). The scars were evidence of the extent of the victim's injuries, which was relevant to establish that defendant used force and violence upon the victim in stabbing him with a dangerous weapon and, therefore, committed the offense of aggravated battery. Although any evidence adverse to a defendant can be said to be prejudicial, we find no indication that display of the evidence of the victim's scars was so inflammatory that it would outweigh its probative value. Accordingly, we find the trial court did not abuse its discretion. This assignment of error is without merit.

LIMITATION OF DEFENDANT'S CROSS-EXAMINATION; OPINION TESTIMONY
In Assignment of Error No. 5, defendant contends that the trial court erred in sustaining the state's objection to defendant's cross-examination of one of its witnesses regarding his opinion of the geographic location of where the victim was injured. In cross-examining Willie Barnes, the manager of the barroom where the alleged crime occurred, defendant attempted to elicit information concerning the area near the barroom premises where the victim may have sustained his wounds. The following colloquy occurred:
* * * * * *
Q. Was there any blood there?
A. No.
Q. Okay.
A. But like I say, I think it was sixty sixty feet and somethingmatter of fact, it was in my niece's drivewayat the end of it.
Q. What?
A. Bloodand from there around to the back of the house
Q. That's over sixty or seventy feet out there, right?
A. That's right.

*482 Q. Did you make a statement to me that Jerome Grayer could not have been cut there because there was no blood there anywhere on the scene.
A. The way Jerome was cut and anybody else would be cutand the way he was cut with his handsthere was no way blood was going to flow right there.
* * * * * *
Q. So there's no way he could have been cut around that picket fence, is there?
A. Oh, no.
BY MR. SCHUTZ:
Your Honor, at this point, I let it go the first time, but Icounsel is seeking for a conclusion that I think would certainly be beyond the comprehension of this witness. If we had an expert and a doctorhad someone else to testify as to the type of injuriesrate of flow of the blood, as to the likelihood as to when the blood would be on the ground and stuff like this, we might have something that would be admissible. Now, all we've got is a lay person's opinion as toit could not have happened, I think, it requires at least an expert testimonyI don't think that's
BY THE COURT:
Do you want to respond, Mr. Stewart?
BY MR. STEWART:
May it please the courtour argument is that this is plain, common sense and that's all the man is answering is common sense. He's not trying to be an expert and I'm not trying to qualify him. He saw Jerome Grayer laterhe saw the scene.
BY THE COURT:
Well, my ruling on that is that I can't take knowledgeor take cognizance of what common sense is as far as flow of blood or rate of blood or when he might or might not have started bleeding, so I'm going to sustain the objection.
BY MR. STEWART:
Q. Did you find any bloodwas there any blood around that picket fence area anywhere?
A. Nowhere. Just like I said, it was I'm not sure, but Officer Burns stepped it off and it was sixty or sixty-two feet from where we saw blood and from there all the way to the back door.
The defendant's right to confront and cross-examine witnesses, found in the Sixth Amendment to the United States Constitution, is a fundamental right and applicable to the states through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). In addition, this right to confrontation is found in La. Const. Art. I, § 16. State v. Howard, 517 So.2d 266, 268 (La. App. 1st Cir.1987). Limitations upon the important confrontation right of cross-examination are ordinarily regarded as improper in the absence of some specifically recognized principle. State v. Johnson, 365 So.2d 1267, 1269 (La.1978). Generally, however, a lay witness can only testify to the facts within his knowledge and not to impressions or opinions. Nevertheless, a witness is permitted to draw reasonable inferences from his personal observations. State v. Johnston, 546 So.2d 1231, 1235 (La.App. 1st Cir.1989). Where the subject of testimony is such that any person of experience may make a natural inference from the observed facts, a lay witness may testify as to such inferences, provided he also states the observed facts. State v. Moten, 510 So.2d 55, 59 (La.App. 1st Cir.), writ denied, 514 So.2d 126 (La.1987).
In sustaining the state's objections, the trial court cut off cross-examination by defendant concerning Barnes' opinion as to where the victim may have sustained injuries. The questions were not proper insofar as defendant was attempting to question the witness's ability to determine the exact geographic location at which the victim sustained his injuries. Barnes was not a witness to the altercation between defendant and the victim, but was merely testifying about what he saw after the incident had occurred. Further, the record indicates *483 that defendant was attempting to get Barnes to assert that the victim was not cut near the fence because there were no blood stains on the ground in that area. Barnes could not have testified on this matter without speculation because he was not a witness to the fight, nor was he qualified as an expert on blood flow analysis. Defendant's cross-examination of Barnes was not unduly restricted, however, because Barnes testified that he did not see any blood stains near the fence. Since we find no error in the trial court's ruling, this assignment of error is without merit.

DEFENDANT'S INCULPATORY STATEMENTS
In Assignment of Error No. 6, defendant contends that the trial court erred in allowing into evidence certain statements made by defendant where the state had not properly notified him of its intent to introduce such statements. Further, by way of Assignment of Error No. 7, defendant urges that the trial court erred in allowing into evidence inculpatory statements of defendant where the state failed to establish a proper predicate as required by LSA-R.S. 15:451.
The first statement which defendant maintains was improperly allowed into evidence at trial was brought out through the testimony of Alberta Cooper. Ms. Cooper testified that, approximately one week before the incident occurred, defendant told her to tell the victim to "watch his back." The second statement which defendant claims was improperly admitted at trial was a statement defendant made to Officer Elton Burns on the night of the incident wherein he told Burns that he had been in a fight with the victim.
In reviewing the admissibility of inculpatory statements made by defendant, we apply the rules governing the admissibility of confessions. State v. Mason, 447 So.2d 1134, 1136 (La.App. 1st Cir.1984). Before what purports to be a confession can be introduced into evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. LSA-R.S. 15:451. Further, if the state intends to introduce a confession or inculpatory statement into evidence, it shall so advise defendant in writing prior to the beginning of the state's opening statement. If it fails to do so, a confession or inculpatory statement shall not be admissible. LSA-C.Cr.P. art. 768. However, as used in art. 768, the term "inculpatory statement" refers to an out-of-court admission of incriminating facts made by a defendant after the crime has been committed. (emphasis added) State v. Labostrie, 358 So.2d 1243, 1248 (La.1978). Herein, defendant's statement made to Alberta Cooper was prior to the crime in question; therefore, LSA-C.Cr.P. art. 768 does not apply.
This leaves the question of defendant's statement to Officer Burns. There was direct testimony by the victim, Jerome Grayer, that he and defendant were in a fight on the night in question. Gracie Felder, the victim's girlfriend, also testified that she saw defendant chasing the victim with a knife in his hand shortly after the scuffle ensued. Willie Barnes stated that he had certain knowledge that the victim, Jerome Grayer, and the defendant had been in a fight on the night in question. Officer Elton Burns also testified that, while investigating the incident herein, he was told by the victim that he had been in a fight with defendant.
Although the state failed to give defendant the pretrial notice of its intention to introduce the statement that defendant made to Officer Burns required by LSA-C.Cr.P. art. 768, given the overwhelming evidence that defendant and the victim were involved in an altercation on the night of October 23, 1987, we find the admission of defendant's inculpatory statement given to Officer Burns, wherein he admitted to being involved in a fight with the victim on the night in question, was harmless error. LSA-C.Cr.P. art. 921; State v. Billiot, 421 So.2d 864, 867-868 (La.1982); and State v. Trahan, 481 So.2d 729, 734 (La.App. 1st Cir.1985). Moreover, the record shows that the limited statement was made in an uncoerced atmosphere after defendant had *484 been advised of his Miranda rights. See State v. Buchanan, 439 So.2d 576, 586 (La.App. 1st Cir.1983). These assignments of error lack merit.

DISTRICT ATTORNEY'S REFERENCE TO DEFENDANT'S FAILURE TO TESTIFY
By way of Assignment of Error No. 9, defendant contends the trial court erred in allowing the prosecution to make prejudicial statements in its closing arguments relating to defendant's failure to testify. At the conclusion of the state's case, defendant rested without calling any witnesses or testifying on his own behalf. During his closing argument, the prosecutor made the following remarks:
Now, you heard from the victim, Jerome Grayergot up and testified and told you what happenedtold you what he sawtold you how it happened. There weren't any eye witnesses to exactly how it happened. The only two people that were present when it happened was the victim and the defendant.
* * * * * *
There were only two people when they were fighting. Only two. Mr. Liptack (defense counsel) would have you believe that his client, Mr. Robinson (the defendant), is the more believable witness because he gave a statement to the police officer the night of the arrest indicating that he had fought with the victim, Jerome Grayer, but because he denied having a knife, Mr. Liptack says he should be more credible than anyone elsemore believable because he's admitting that he did have a fight.
* * * * * *
You heard the facts. Everyone in this courtroom heard the facts. The facts consist solely of the testimony from the parties that were there. From the persons who observed something happen immediately afterwards.
Although defendant failed to make an objection or move for mistrial either during or after the state's closing argument, we will address the contentions hereunder. LSA-C.Cr.P. art. 770(3) prohibits both direct and indirect references to defendant's failure to testify. When the prosecutor makes a direct reference to the defendant's failure to take the stand, a mistrial should be declared. In the case of such a direct reference, a reviewing court will not attempt to determine the effect that the remark had on the jury. State v. Johnson, 541 So.2d 818, 822 (La.1989); State v. Fullilove, 389 So.2d 1282, 1284 (La.1980).
Where the reference to defendant's failure to testify is not direct, as in the this case, the reviewing court will inquire into the remark's intended effect upon the jury in order to distinguish indirect references to the defendant's failure to testify (which are impermissible) from general statements that the prosecution's case is unrebutted (which are permissible). Johnson, 541 So.2d at 822; State v. Burkhalter, 428 So.2d 449, 453 (La.1983).
In cases where the prosecutor simply emphasizes the state's evidence was unrebutted, and there were witnesses other than the defendant who could have testified on behalf of the defense but did not to do so, the Louisiana Supreme Court has concluded that the prosecutor's argument did not constitute an indirect reference to the defendant's failure to testify. Johnson, 541 So.2d at 822; State v. Smith, 433 So.2d 688, 697 (La.1983); State v. Latin, 412 So.2d 1357, 1362-1363 (La.1982). On the other hand, where the defendant is the only witness who could have rebutted the state's evidence, a reference to the testimony as uncontroverted or unrebutted focuses the jury's attention on defendant's failure to testify and mandates a mistrial. Johnson, 541 So.2d at 822; State v. Harvill, 403 So.2d 706, 710-711 (La.1981); State v. Perkins, 374 So.2d 1234, 1237 (La. 1979).
In the instant case, the state offered the testimony of the victim, Jerome Grayer, his girlfriend, Gracie Felder, the manager of the business establishment near the crime scene, Willie Barnes, a witness who was present at the business establishment on the night in question, Alberta *485 Cooper, and the police officer who investigated the crime, Officer Elton Burns. Although the victim and defendant were the only two people present when defendant allegedly stabbed the victim, there were other witnesses to the events occurring immediately prior to and after the incident in question. The defendant is not the only person who could have taken the stand and contradicted the victim's version of the events. It is obvious that the witnesses who testified at trial could have contradicted the victim's testimony if their impressions of the incident in question were markedly different from his. In referring to the facts as consisting solely of the parties who were present on the night in question, the prosecutor was simply emphasizing the strength of the state's case, and his argument thereon did not constitute an indirect reference to defendant's failure to testify. This assignment of error lacks merit.

INEFFECTIVE ASSISTANCE OF COUNSEL
By means of Assignment of Error No. 1, defendant contends that he was denied his Sixth Amendment right to effective assistance of counsel. Defendant's claim of ineffective assistance of counsel is predicated on several allegations of deficient performance by trial counsel. First, defendant points out that a review of the record indicates that no pretrial motions, including discovery and suppression, were filed on his behalf. Defendant also maintains that the trial record reveals numerous patent errors made by counsel during trial, including failure to object timely to incompetent evidence and failure to preserve a record for appeal. Defendant further contends that trial counsel erred by failing to present any evidence or testimony on his behalf at the conclusion of the state's case. Defendant goes on to point out that trial counsel failed to propose appropriate jury instructions or object to the court's failure to instruct the jury relative to the defense of justification. Finally, defendant points out that trial counsel filed no post-trial motions for a new trial or otherwise.
Initially, we note that a claim of ineffective counsel is more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. State v. Bourgeois, 451 So.2d 172, 174 (La.App. 1st Cir.), writ denied, 457 So.2d 18 (La.1984). However, where the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, the issue may be addressed in the interest of judicial economy. Bourgeois, 451 So.2d at 174.
The United States Supreme Court has established a two-part test for review of a convicted defendant's claim that his counsel's assistance was so defective as to require reversal. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the court stated:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
104 S.Ct. at 2064.
Defendant makes a general allegation that his trial counsel failed to make a pretrial motion to suppress. However, defendant does not indicate to what evidence he is referring in this allegation or of any basis upon which the evidence could have been suppressed. Our review is limited to the issues which defendant clearly raises. Accordingly, we do not address this argument.
Defendant further alleges that his trial counsel's performance was deficient because he failed to file any discovery motions. *486 The record does reflect that counsel failed to file any pretrial written motions for discovery; however, defendant fails to state in his brief what parts of the state's case were discoverable or how they would have assisted defendant at trial. Therefore, we are precluded from reviewing this argument.
Defendant, in brief to this Court, also asserts that the trial record reveals numerous errors made by trial counsel, including failure to object timely to incompetent evidence and testimony and failure to preserve a record for appeal. Defendant does not indicate in brief how trial counsel's failure to object to the alleged incompetent evidence prejudiced him; however, we have addressed the merits (despite the absence of an objection) of defendant's contentions concerning alleged incompetent evidence under Assignments of Error Nos. 2, 3, 4, 6 and 7, and found them to be without merit. Therefore, this argument is also without merit.
Defendant also asserts that trial counsel erred by failing to present any evidence or testimony on his behalf at the conclusion of the state's case. We note that in criminal proceedings, the state has the burden of proof and the burden to come forward with affirmative evidence. Often, defense counsel's decision not to come forward with evidence at trial after the state has rested its case-in-chief is a strategic decision. In any event, defendant does not point out what, if any, evidence existed which may have been beneficial to him and which should have been presented. Moreover, a reading of the record indicates that defense counsel elicited an abundance of evidence on behalf of defendant through cross-examination of the state's witnesses. Accordingly, we find this argument to be without merit.
Defendant argues in brief that trial counsel's performance was deficient in that he failed to propose appropriate jury instructions or object to the court's failure to instruct the jury on the defense of justification. First, we note that the jury instructions given by the trial court were more than adequate and did not prejudice the defendant in any way. Moreover, an instruction on the defense of justification would have been inappropriate in this case.[*] Accordingly, this argument is without merit.
Finally, defendant asserts in brief that his trial counsel's performance was deficient in that he filed no post-trial motions for a new trial or otherwise. First, defendant fails to assert the merits upon which such post-trial motions could have been based. Secondly, defendant does not indicate how such post-trial motions would have been beneficial to him. Accordingly, this argument is without merit.
Based upon our review of the record and in light of defendant's allegations of deficient performance, we find that he has failed to substantiate his claim of ineffective counsel. Thus, this assignment of error lacks merit.
AFFIRMED.
LANIER, J., concurs and assigns reasons.
LANIER, Judge, concurring.
I concur in the result. I do not agree that we should rule on issues for which there were no proper, contemporaneous objections in the trial court and I do not agree with the treatment of the assignment of error on ineffective assistance of counsel.

LACK OF PROPER, CONTEMPORANEOUS OBJECTIONS
The majority's opinion addresses the merits of assignments of error numbers 2, 4, 5, 6, 7 and 9. A review of the trial transcript reflects that defendant did not object to these alleged errors, or, if he did, his objections were on grounds other than those asserted on appeal.
*487 The majority correctly states the applicable law as follows:
Normally, an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. LSA-C.Cr.P. art. 841; State v. Sisk, 444 So.2d 315, 316 (La.App. 1st Cir.1983), writ denied, 446 So.2d 1215 (La.1984). Additionally, it is well settled that defense counsel must state the basis for his objection when making it and point out the specific error which the trial court is making. The grounds of objection must be sufficiently brought to the attention of the trial court to allow it the opportunity to make the proper ruling and correct any claim of prejudice. State v. Brown, 481 So.2d 679, 686, 687 (La.App. 1st Cir.1985) writ denied, 486 So.2d 747 (La.1986). A defendant is limited on appeal to grounds for objection articulated at trial. A new basis for objection cannot be raised for the first time on appeal. Brown, 481 So.2d at 687.
La.C.Cr.P. art. 841(A) establishes the contemporaneous objection rule as follows:

An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.

The majority considers six assigned errors for which there were no proper, contemporaneous objections in the trial court. The practical effect of this is to render the contemporaneous objection rule of La.C. Cr.P. art. 841 meaningless. The majority should not have addressed these assignments of error. See State v. Johnson, 404 So.2d 239 (La.1981) (Assignment of error number 5); State v. Schamburge, 344 So.2d 997 (La.1977) (Assignment of error number 6); State v. Parker, 536 So.2d 459 (La.App. 1st Cir.1988) (Assignment of error number 9); State v. Jenkins, 476 So.2d 478 (La.App. 1st Cir.1985) (Assignment of error number 4); State v. Sisk, 444 So.2d at 316 (Assignment of error number 2); State v. Hebert, 443 So.2d 613 (La.App. 3rd Cir. 1983), writ denied, 444 So.2d 1215 (La. 1984) (Assignment of error number 7).

INEFFECTIVE ASSISTANCE OF COUNSEL
The majority's opinion addresses the merits of assignment of error number 1 which asserts ineffective assistance of counsel at trial. Because this issue is premature, we should decline to consider it.
The appropriate avenue for asserting a claim for ineffective assistance of counsel is through an application for post-conviction relief, not by direct appeal. See State v. Truitt, 500 So.2d 355 (La.1987); State v. Brown, 384 So.2d 983 (La.1980); State v. Robertson, 310 So.2d 619 (La.1975). The reason for this rule is to provide for a full evidentiary hearing on the allegations of ineffective assistance. State v. Barnes, 365 So.2d 1282 (La.1978); State v. Newsome, 534 So.2d 87 (La.App. 3rd Cir.1988), writ denied, 540 So.2d 327 (La.1989). Where the record discloses evidence needed to decide the issue of ineffective assistance of counsel and the issue is raised by an assignment of error on appeal, the issue may be addressed. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Hicks, 554 So.2d 1298 (La.App. 1st Cir.1989), writ denied, 559 So.2d 1374 (La.1990); State v. Bourgeois, 451 So.2d 172 (La.App. 1st Cir.), writ denied, 457 So.2d 18 (La.1984). However, the evidence in this case is insufficient for an adequate review of this issue. This issue was not addressed in an evidentiary hearing or at a motion for new trial in the trial court as in Ratcliff and Bourgeois. This issue has been raised for the first time in this court.
Trial counsel's failure to make an objection at trial may, in hindsight and on first impression, appear to have been error. However, trial counsel may have had sound reasons for not objecting during trial. Because there was no evidentiary hearing the record does not contain counsel's reasons for not objecting. The reasons why trial counsel failed to object to various alleged *488 errors could be essential evidence for either the State or the defendant, and it is evidence the trial court should receive and evaluate on this issue.
The majority should have declined review of this issue.
For the foregoing reasons, I respectfully concur.
NOTES
[*] The facts of this case indicate that defendant was the aggressor and that his use of force and violence upon the victim was not committed for the purpose of preventing either a forcible offense against his person or another or a trespass against property within defendant's lawful possession. See La.R.S. 14:18(7), 14:19, 14:21 and 14:22.